Dear Commissioner Anthony,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
May the Legislature, pursuant to the authority granted inArticle IX, § 35 of the Oklahoma Constitution, amend Article IX,§ 18a of the Constitution to provide that the salaries ofCorporation Commissioners may be increased during the term oftheir office regardless of the time of their appointment orelection?
¶ 1 In Attorney General Opinion 95-59 issued May 24, 1995, this office opined that because Corporation Commissioners are part of the executive department, any salary adjustment limitations imposed upon executive officers by the Constitution are imposed upon Corporation Commissioners. Article VI, § 34 of the Oklahoma Constitution provides:
 Each of the officers in this article named shall,
at stated times, during his continuance in office, receive for his services a compensation, which shall not be increased or diminished during the term for which he shall have been elected; nor shall he receive to his use, any fees, costs, or perquisites of office or other compensation.
Okla. Const. art. VI, § 34 (emphasis added).
¶ 2 The Opinion also concluded that the salaries of officials of the executive department are not only subject to the restrictions imposed by Article VI, § 34, but are also subject to the restrictions of Article XXIII, § 10 of the Oklahoma Constitution which provides:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.]
Okla. Const. art. XXIII, § 10 (emphasis added).
¶ 3 Article XXIII, § 10 prohibits changes in salaries of any public official after election or appointment to public office, or during a term of office, unless the salary change was authorized by a law passed before the term of office began.[1] After the issuance of Attorney General Opinion 95-59 the Legislature, presumably under the authority of ArticleIX, § 35 of the Oklahoma Constitution, amended Section 18a to provide:
 A. The salary of Corporation Commissioners shall be set by the Legislature[2] and may be increased at any time during the term of their office. The purpose of this provision is to assure that all Corporation Commissioners are paid equal salaries for their service, without regard to the time of their appointment or election.
 B. The Corporation Commission shall organize by electing one of its members chairman and appointing a secretary, whose salary shall be fixed by the Legislature. A majority of said Commission shall constitute a quorum, and the concurrence of the majority of said Commission shall be necessary to decide any question.
Okla. Const. art. IX, § 18a (emphasis added).
¶ 4 The 1995 amendment added subsection A to Article IX, § 18a. As a general rule amendments to the Constitution require a vote of the people. See Article V, §§ 1 and 2; Article XXIV, § 1. The Legislature may, however, "alter, amend, revise, or repeal" Sections 18-34 of Article IX of the Oklahoma Constitution. This authority is found at Article IX, § 35 which provides:
 After the second Monday in January, nineteen hundred and nine, the Legislature may, by law, from time to time, alter, amend, revise, or repeal sections from eighteen to thirty-four, inclusive, of this article, or any of them, or any amendments thereof: Provided, That no amendment made under authority of this section shall contravene the provisions of any part of this Constitution other than the said sections last above referred to or any such amendments thereof.
Okla. Const. art IX, § 35 (emphasis added).
¶ 5 The Legislature's authority to amend the Constitution under Article IX, § 35 is limited. The above-emphasized portion of Section 35 mandates that no amendment may contravene any part of the Constitution other than Article IX, §§ 18-34. While Subsection A of Section 18a of Article IX does not in and of itself increase the salary of an executive official during his term of office, it does grant that authority to the Legislature. If the Legislature, pursuant to subsection A, increases the salaries of the Corporation Commissioners during their term, such an act would contravene the provisions of Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution. Because the provisions of the Constitution which mandate that the salary or emoluments of public officials shall not be increased during the term of office are not found within Article IX, §§ 18-34, the Legislature lacks authority under Article IX, § 35 to amend the Constitution to allow it to set the salary of Corporation Commissioners in such a manner as to contravene the provisions of any other part or parts of the Oklahoma Constitution.
¶ 6 Attorney General Opinion 95-59 opined that Corporation Commissioners are only entitled to salary increases authorized by law enacted prior to the beginning of their term of office and that any salary increase authorized by 74 O.S. Supp. 1994, §250.4[74-250.4](5) would be applicable only to Commissioners elected subsequent to the effective date of the statute. As stated above, the Legislature may not amend the Constitution to set the salary of a Corporation Commissioner in a manner which violates either Article VI, § 34 or Article XXIII, § 10 of the Constitution. Therefore, application of any salary increase provisions of 74O.S. Supp. 1996, § 250.4[74-250.4](5) to Corporation Commissioners elected before January, 1995 (the effective date of 74 O.S. Supp. 1996,§ 250.4[74-250.4](5)), is unconstitutional.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The salary adjustment restrictions of Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution preclude the Legislature from increasing the salaries of executive officers, including Corporation Commissioners, during their term of office.
 2. Article IX, § 35 of the Oklahoma Constitution grants authority to the Legislature to amend Article IX, §§ 18-34 but such amendments may not contravene the provisions of any part of the Constitution not found within Sections 18-34.
 3. The Legislature may not, under the authority of Article IX, § 35 of the Oklahoma Constitution, grant itself the authority to set the salaries of Corporation Commissioners in a manner which violates either Article VI, § 34 or Article XXIII, § 10 of the Oklahoma Constitution.
 4. Application of any salary increase provisions of 74 O.S. Supp. 1996, § 250.4(5) to Corporation Commissioners elected before January, 1995 (the effective date of 74 O.S. Supp. 1996, § 250.4(5)), violates Article VI, § 34 and Article XXIII, § 10 of the Oklahoma Constitution.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Your question implicates the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. Opinion 95-59 contains discussion of federal case law establishing thatconstitutional provisions such as Article XXIII, § 10 are notviolative of the Equal Protection Clause.
[2] Title 74 O.S. Supp. 1996, § 250.4[74-250.4] (last amended by the Legislature in 1994) provides for Corporation Commissioner salaries in pertinent part as follows:
 Pursuant to provisions of the Constitution of the State of Oklahoma from and after the beginning date of a term of office which commences in, or after, January, 1995, the following officers of the State of Oklahoma shall be annually compensated for their services, payable monthly, as follows:
. . . .
 5. Each member of the Corporation Commission shall receive a salary equal to the salary received by an associate district judge in a county with a population of over thirty thousand (30,000)[.]